John Ege, Plff. in Err., v. Commonwealth of Pennsylvania.

A physician duly registered in one·county, but who goes at regular intervals into another county, and has a place of business there to meet all patients who may call upon him, is a sojourner within the meaning of the act of June 8, 1881, and liable to a penalty for neglect to register in the latter county.

(Argued May 4, 1887. Decided May ·16, 1887.)

July Term, 1886, No. 52, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Error to Quarter

Cited in Com. v. Townley, 22 Pa. Co. Ct. 11, 16.

NOTE.—See note to Bauer's Appeal, 2 Sad. Rep. 69.

Sessions of Lebanon County to review a judgment on a verdict of guilty subject to a special verdict. Affirmed.

Reported below, 1 Pa. Co. Ct. 483.

On the trial, before McPherson, J., a special verdict was agreed upon. The court charged the jury as follows: ["Your verdict in this case will be a verdict of guilty."][1]

A verdict of guilty was accordingly rendered, subject to the special verdict.

The opinion of the court on the special verdict was as follows:

The special verdict finds the facts to be as follows: Dr. Ege is a physician residing in Reading, Berks county, and was duly registered there in ugust, 1883. After that date and before May 18, 1885, when he also registered here, he practised medicine in this county, coming at regular intervals for the double purpose of seeing those persons who had already consulted him in Reading, and of attending to such patients as might come to him here for the first time. For meeting such persons he had a place of business, of which he gave public notice. Whenever he was thus in this county, he attended all persons who called upon him or desired his professional visits, and made charges for his services. His residence has not been changed. This indictment charges him with a violation of the act of 1881, P. L. 72, in practising medicine in Lebanon county without having first been registered here, and the question for decision is whether, upon these facts, his registration in Berks county of itself permitted him to thus practise in this county also.

This is not the case of a physician duly registered in the county of his residence and called only upon special occasions to see patients elsewhere. It is no doubt true that much the larger part of Dr. Ege's business is done in the county of Berks; but it is also true that the business done here was not upon special calls for his services, but was of the same kind as that done in Reading. He had a room in this city to which, by advertisement, the public was invited; he came at regular intervals, and while he was here he attended professionally to all persons who asked for his services, making charges and receiving payment therefor.

[He was therefore "practising" medicine in this county, and in our opinion, was required to register before he could lawfully thus pursue his profession here. We think he was a "sojourner"

in this county, and therefore within the express language of the second section of the act of 1881.][2]

Other provisions of the act support this view. Section 3 repeats the phrase, "resides or sojourns," and [§ 8 defines a sojourner to be "any person opening an office or appointing any place where he or she may meet patients or receive calls." It was argued that this general language, which fits the case before us, must be restricted to physicians residing out of the state; but it seems to us to include all physicians, wherever they may reside.][3]

Section 8 does not seem to be doubtful, in the language quoted, and we must give effect to its plain direction.

The purpose of the act, also, is in accord with the apparent meaning of this definition. In §§ 2, 3, and 5 registration is said to be required "for inspection by the public;" that is, in order that the community, to which the practitioner's services are offered, may be given some facts as to his training and experience on which to base a judgment of his capacity. And, as we think, each community in which, from time to time, he "resides or sojourns" is to have a similar opportunity.

[Presumably, he will only practise where he resides; and, in that event, registration there fulfils the purpose of the act; but if he also "sojourns" elsewhere, that purpose requires him to give the new public, to which he appeals, the same information about his medical study and practice.][4]

The earlier legislation on this subject also confirms the belief just expressed. The act of 1869, P. L. 1067, required of physicians, practising in several counties therein named, certain qualifications, and by § 3 extended these requirements to "any person who shall attempt to practise medicine or surgery by opening a transient office in any of the aforesaid counties, or who shall, by handbill or other form of written or printed advertisement, assign such transient office or other place to meet persons seeking medical or surgical advice or prescription; . . ."—thus putting residents and sojourners on the same footing. Similar local acts are to be found in the laws of 1870 at pages 353, 659, 705, and 1156, and in the laws of 1873 at pages 147 and 550. These acts affected the following counties, viz.: Adams, Armstrong, Beaver, Berks, Blair, Bradford, Cambria, Carbon, Chester, Columbia, Crawford, Cumberland, Dauphin, Elk, Erie, Huntingdon, Indiana, Juniata Lancaster,

Lawrence, Lehigh, Luzerne, Lycoming, McKean, Mercer, Monroe, Northampton, Perry, Philadelphia, Schuylkill, Sullivan, Susquehanna, Union, Venango, Warren, Washington, Wyoming and York; or considerably more than half the state. Like provisions occur in the general acts of 1875, § 5, P. L. 51, and of 1877, § 4, P. L. 42. The title of the latter act, *viz.,* "An Act to Protect the People of the Commonwealth against Incompetent Practitioners of Medicine, Surgery, and Obstetrics," shows a purpose in the same general direction pursued by the act of 1881, and the whole course of the legislation referred to properly throws light upon the latter act, which is *in pari materia* and is best understood, not as standing alone, but as the last of a series. Re Keeling's Road, 59 Pa. 358; Pittsburgh, A. & M. Pass. R. Co.'s Appeal, 1 Pennyp. 449.

It seems evident from this review that the act of 1881 uses a single word "sojourner" in place of the longer phrases of the earlier acts, but refers thereby to the same class of persons.

[We therefore hold that Dr. Ege was sojourning in Lebanon county for the purpose of practising medicine, and that he violated the act of 1881 by thus sojourning without registration.][5]

Judgment must be entered for the commonwealth.

The defendant was sentenced to pay a fine of $100.

The assignments of error specified the portions of the charge inclosed in brackets and designated respectively by exponents.

*Grant Weidman,* for plaintiff in error.—The act of 1881 is a penal statute and should, therefore, be strictly construed. Bucher v. Com. 103 Pa. 534.

The evident purpose of the act was to secure for the citizens of the commonwealth, as nearly as possible, competent practitioners of medicine and surgery. With this purpose in view it provides for two classes of practitioners: (1) Such as have a diploma from a medical college or university; and (2) such as have practised medicine or surgery continuously in this commonwealth since 1871, without having the degree of Doctor of Medicine.

The act further provides for and regulates the mode by which such physicians or surgeons residing out of the state as may,

by the laws of the state in which they reside, be legally qualified to practise medicine or surgery, may practise in the state.

By §§ 2, 3, and 4 of the act, all persons having a diploma, whether intending to take up a residence permanently or temporarily, shall present the same to the prothonotary of the county where he resides or sojourns, and be registered as set forth in the act. The act does not say that his right to practise is confined to the county where the physician or surgeon resides or sojourns. Being penal the act cannot be so construed.

By § 5, 'physicians or surgeons of the second class are required to register in the county in which they reside. The word "sojourn" or "sojourner" does not appear in this section. It is absurd to say that the legislature intended to discriminate in favor of this class.

The construction which makes all the provisions of the act consistent, and carries out its purpose, is that "sojourner" applies to "physicians or surgeons who are legally qualified to practise medicine or surgery in the state in which they reside."

*A. W. Ehrgood* and *Coff & Schock,* for the commonwealth, defendant in error.—Special verdicts may be taken in criminal cases. Lewer v. Com. 15 Serg. & R. 93 ; Com. v. Chathams, 50 Pa. 181, 88 Am. Dec. 539.

After the special verdict it only remained for the court to declare his guilt or innocence as a question of law, and this the court properly did. Wharton, Pl. & Pr. 8th ed. § 746.

The other propositions of the plaintiff in error are fully and forcibly answered by the court below.

PER CURIAM :

Upon the undoubted facts assented to by counsel on the trial of this case, it is clear the defendant below was guilty of violating the law of 1881.

The judgment is affirmed, on the able and convincing opinion of the learned judge below.

Judgment affirmed.